UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>              Plaintiff,<br><br>  vs.<br><br>BRENT PHILLIPS, LIA GREEN, JOHN PIERCE, TRESHA MORELAND, PAULA MCINERNEY-HALL, ALYSON WIEDRICH, RICHARD RICE, ROBERT WILSON, JANEL BROWN, TRISTINA WEEKLEY, CHARLENE WILLIAMS, NICHOLAS HORNING, STEPHANIE RHODES,<br><br>              Defendants. | CIV. 17-5024-JLV<br><br>ORDER |

**BACKGROUND**

Plaintiff William Ray Baker, appearing *pro se*, filed this action against defendants. (Docket 1). Plaintiff alleges these defendants all have an affiliation with Rapid City Regional Hospital. Id. According to plaintiff, the grounds for his lawsuit include violations of: the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); concerted activity protections under the National Labor Relations Act ("NLRA"); and the Occupational Safety and Health Act of 1970 ("OSHA"). Id.

In support of his claims, plaintiff asserts the following facts. Defendants Brent Phillips and Lia Green manage a health care organization. Id. at p. 4. On Tuesday, November 1, 2016, Alyson Wiedrich sent an e-mail containing the

names Tresha Moreland, Paula McInerney-Hall, Richard Rice, John Pierce, Tristina Weekley, Charlene Williams, Janel Brown, Robert Wilson and Stephanie Rhodes. Id. The e-mail followed an event where Nicholas Horning and Ms. Weekley asked questions of Margaret Baker. Id. The defendants obstructed an OSHA inspection. Id. Plaintiff visited the OSHA Area District Office in Bismarck, North Dakota. Id. The complaint also includes legal conclusions regarding conspiracies to intentionally inflict emotional distress on plaintiff. Id.

Defendants filed a motion to dismiss the complaint. (Docket 16). The court grants their motion.

**DISCUSSION**

Defendants argue dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted because the complaint fails to state a claim upon which the court can grant relief. (Docket 17). Defendants assert neither HIPAA nor OSHA provide plaintiff with a private right of action. Id. at pp. 6-7. As to plaintiff's intentional infliction of emotional distress claims, defendants Phillips and Green argue plaintiff fails to meet Rule 12(b)(6). Id. at pp. 9-10. Defendants contend dismissal under Rule 12(b)(1) is proper for plaintiff's NLRA claim because the National Labor Relations Board ("NLRB") would have exclusive jurisdiction over the claim. Id. at pp. 7-8.

Plaintiff submitted three filings in response to defendants' motion, and they contain numerous factual assertions beyond those alleged in his complaint. (Dockets 20, 21 & 23). The additional facts in plaintiff's responses

2

are not properly before the court and the court will not consider them in ruling on defendants' motion. See Fischer v. Minneapolis Pub. Sch., 792 F.3d 985, 990 n.4 (8th Cir. 2015) ("But Fischer failed to include these claims in his complaint, failed to file an amended complaint by the deadline, and did not later petition to court to amend his complaint. Accordingly, these claims were not properly before the district court.") (internal citations omitted); Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Midland Farms, LLC v. U.S. Dep't of Agric., 35 F. Supp. 3d 1056, 1066 (D.S.D. 2014) ("Midland may not amend its Complaint through an argument raised in a brief in opposition to a motion to dismiss.") (collecting cases).

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Two "working principles" underlie Rule 12(b)(6) analysis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. See id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

4

## I. HIPAA

Plaintiff's HIPAA claim fails "because HIPAA does not create a private right of action." Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010) (citing Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009)); see Lafleur v. Jetzer, No. 4:14-CV-04175, 2015 WL 6157745, at *6 (D.S.D. Oct. 20, 2015) (citing this holding in Dodd). The court grants defendants' motion to dismiss plaintiff's HIPAA claim under Rule 12(b)(6).

## II. OSHA

The court dismisses plaintiff's OSHA claim because neither OSHA nor its regulations "independently create private rights of action or impose alternative duties on defendants." Chew v. American Greetings Corp., 754 F.3d 632, 637 (8th Cir. 2014) (citing 29 U.S.C. § 653(b)(4) ("Nothing in this chapter shall be construed to . . . enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.")). In some cases, "[v]iolations of federal regulations may serve as evidence, but unless clearly indicated by Congress, they do not 'independently create private rights of action' and therefore do not constitute a claim arising under the Constitution, law, or treaties of the United States." Johnson v. Stokes Contractor Servs., No. 4:14 CV 1052, 2014 WL 4450532, at *3 (E.D. Mo. Sept. 10, 2014) (quoting Chew, 754 F.3d at 637). The court grants defendants' motion to dismiss plaintiff's OSHA claim under Rule 12(b)(6).

## III. NLRA

Plaintiff's NLRA claim asserts "violations of protected concerted activity rights[.]" (Docket 1 at p. 1). The NLRA "gives employees the right to engage in concerted activities for the purposes of mutual aid and protection." Williams v. Watkins Motor Lones, Inc., 310 F.3d 1070, 1071-72 (8th Cir. 2002) (footnote omitted) (citing 29 U.S.C. § 157). Under Rule 12(b)(6), plaintiff's NLRA claim must be dismissed. Considering the facts plaintiff's complaint advances, and liberally construing his NLRA claim, there is not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). As defendants point out, plaintiff "alleges no facts plausibly suggesting that any defendant interfered with, restrained, or coerced [his] exercise of his right to concerted action." (Docket 17 at p. 7) (citing 29 U.S.C. § 158(a)(1)).

Rule 12(b)(1) provides another basis for dismissing this claim. "Violations of an employee's right to engage in concerted activities are within the exclusive jurisdiction of the NLRB." Buscemi v. McDonnell Douglas Corp., 736 F.2d 1348, 1350 (9th Cir. 1984). Consequently, the court finds "it ha[s] no subject matter jurisdiction over the [NLRA] claim, and deference to the 'exclusive competence' of the NLRB [is] proper." Id.; see Gerhardson v. Gopher

6

News Co., 698 F.3d 1052, 1057 (8th Cir. 2012) ("[T]he [NLRB] has exclusive jurisdiction over claims that 'arguably' constitute unfair labor practices under §§ 7 or 8 of the NLRA.").

**IV. Intentional infliction of emotional distress**

Plaintiff's only remaining claim is aimed at Phillips and Green and alleges intentional infliction of emotional distress. (Docket 1 at p. 3). This is a state law claim. See Estate of Johnson by and through Johnson v. Weber, 898 N.W.2d 718, 726 (S.D. 2017) (reciting the elements of intentional infliction of emotion distress under South Dakota law). In the discussion above, the court dismissed all plaintiff's claims over which it had original jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.") (emphasis in quote)).

"However, where, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction." Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009) (internal quotation marks and alterations omitted). Because plaintiff's claim for intentional infliction of emotional distress involves determinations of state law only, the court declines to exercise supplemental jurisdiction. See id.

7

**ORDER**

Based on the above analysis, it is

ORDERED that defendants' motion to dismiss (Docket 16) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed.  Plaintiff's HIPAA and OSHA claims are dismissed with prejudice.  Plaintiff's NLRA and intentional infliction of emotional distress claims are dismissed without prejudice.

Dated February 9, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE